# UNITED STATES DISTRICT COURT
## For the
## Southern District of Iowa

| | |
|---|---|
| Jill Devoll, | Civil Action No.: _19-50_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Robert Wilkie, Secretary of Veteran Affairs | |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jill DeVoll, by her attorney Thomas Wolle, as and for her complaint against Robert Wilkie, in his official capacity as Secretary of Veterans Affairs, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Jill DeVoll brings this action based on disability discrimination. Plaintiff, a nurse caring for our nation's veterans in the Veterans Administration health system, was recognized as an excellent employee before she was forced out because of disability discrimination.

## JURISDICTION AND VENUE

2.      This case is brought under the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. This Court has jurisdiction of this case pursuant to 42 U.S. Code § 2000e-16(c) as incorporated by 29 U.S. Code § 794a(a)(1), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.  This action is not related to any other case filed in this court.

3.      The Plaintiff has exhausted her administrative remedies and complied with

statutory prerequisites.  Plaintiff timely initiated EEO counseling, as confirmed by her phone records.  However, she was initially prevented from filing a charge of discrimination due to the EEO counselor's failure to follow up or respond to her.  After contacting legal counsel Plaintiff filed a charge of discrimination to challenge the disability discrimination she suffered from defendant Robert Wilkie via the United States Department of Veterans Affairs ("VA").  More than 180 days have passed since she filed a formal complaint of discrimination.  Fewer than 90 days have passed since a ruling by the EEOC Administrative Judge.  Plaintiff timely files this lawsuit to vindicate her rights.

4.      Ms. DeVoll worked in the VA health System in Iowa City, Iowa, and would have continued to work there if she had been granted an accommodation for her disability.  Venue is invoked pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      The Plaintiff Jill DeVoll is an adult resident of Wright County, Minnesota.

6.      The Defendant Robert Wilkie is the United States Secretary for Veterans Affairs and may be served with process at his business address, 810 Vermont Avenue NW, Washington, D.C., 20420.  A copy of this complaint is also served on the United States Attorney for the Southern District of Iowa.

## STATEMENT OF FACTS

7.      Plaintiff is well qualified to provide nursing services to our nation's veterans. She received her Licensed Practical Nurse ("LPN") training from Hawkeye Community College in Waterloo, Iowa, where she graduated in 1999.  She worked as an LPN from 2000 until 2014, during which time she obtained her A.A.S. degree and additional paramedic and EMT training through Hawkeye Community College and Kirkwood Community College.

8.     In June of 2010 Plaintiff applied to work for Defendant as an LPN at the VA Health System in Minneapolis, Minnesota.  The VA was pleased to hire such a qualified and successful individual.

9.     After four years at the VA Plaintiff was given the opportunity to further advance her career:  the VA offered her a scholarship through the VA National Education for Employees Program ("VANEEP") so she could obtain a Bachelor of Science in Nursing degree.

10.     The scholarship agreement provided that the VA would pay for Plaintiff's further education and, upon her graduation, offer her employment in a nursing position she was qualified to perform.  In exchange, Plaintiff agreed to work for the VA for three years following her graduation.

11.     Plaintiff has a disability, Rheumatoid Arthritis ("RA").  She has lived with this disability for more than 20 years.  When active, Plaintiff's RA substantially interferes with her major life activities, including her joint function and her ability to perform physically demanding tasks.

12.     Plaintiff has not allowed her disability to stop her pursuit of a successful career in nursing.  Due to her dedication and experience in managing her disability, and the treatment she has received through her doctors at the Mayo Clinic, she has been able to perform most nursing tasks throughout her career with little need for accommodation.  Only the most physically demanding work poses an issue for her.

13.     Before she even accepted the VANEEP scholarship, Plaintiff discussed her disability with two VA officials: Joyce Kron-Chupla and Ann Davidschofer.  She informed them that due to her rheumatoid arthritis she was unable to meet the strenuous physical demands, such as lifting or moving patients, of some nursing positions.  Ms. Kron-Chupla and Ms. Davidschofer

assured Plaintiff that this would not be a problem and that there would be numerous suitable work opportunities for her after graduation. Relying on these assurances, Plaintiff accepted the scholarship on June 10, 2014.

14.     Plaintiff applied the same dedication to her courses that she did to her work as a nurse. She was awarded her BSN from Allen College in December of 2016 and passed her board exam to become a Registered Nurse in January of 2016.

15.     Ann Davidschofer sent Plaintiff an email in October of 2015 informing her that she would be placed in a floor nurse position after graduation. The position required frequent physically strenuous nursing duties.

16.     Plaintiff was concerned that she would not be able to meet the physical demands of a floor nurse due to her disability. She promptly communicated her concern to Ms. Davidschofer but was told no other nursing position was possible.

17.     In December of 2015, Plaintiff contacted the VA's disability coordinator, Richard Larson, to ask for an accommodation. She explained her disability, the limitations it placed on her ability to perform demanding physical tasks, and the ways she had worked within those limitations to successfully perform her nursing duties in the past.

18.     Mr. Larson did not offer her any accommodation. He told her "My grandma has arthritis and she doesn't have these problems." He also accused her of "masking" her illness since she had not requested an accommodation from the VA in the past. He told her just to try working as a floor nurse.

19.     On January 4, 2016, Plaintiff reported for work as a floor nurse. She made every effort to succeed, but the physical requirements of the work soon caused her RA to flare. Four days later she could no longer work and was forced to request FMLA leave.

20.     Plaintiff submitted a written accommodation request to Mr. Larson on January 10, 2016, which included a written explanation of her condition from her treating physician.

21.     The VA offered no accommodation in response to Plaintiff's verbal and written requests.  The VA's only response was to place Plaintiff on extended medical leave.

22.     By February of 2016, Plaintiff was desperate to return to work.  She contacted the VA's EEO counselor, Jody Thompson, by phone on February 25, 2016.  Rather than begin the EEO process for Plaintiff, as required by law, Thompson told Plaintiff that nothing could be done.  Plaintiff's phone records confirm her EEO contact with Thompson.

23.     Though multiple persons at the VA had represented to Plaintiff that no other nursing positions were available, this was not true.  A suitable nursing position in the VA's community care program was available in February 2016.  Plaintiff was qualified for this position and it would have accommodated her disability.

24.     Plaintiff applied for the community care nursing position and was interviewed. The VA declined her application.

25.     Plaintiff later learned that she had been the first choice of the hiring manager for the community care position, but that the VA's nursing leadership vetoed her hiring because they believed that she was faking her disability.

26.     On March 1, 2016, Plaintiff attempted to return to work as a floor nurse.  She did so knowing that the work was likely to cause her RA to flare again, yet the VA had left her no other choice.  When she reported for duty, her supervisor immediately sent her home again.

27.     By March 17, 2016, Plaintiff had exhausted her leave and had no choice but to resign.

28.     At no time did the VA provide Plaintiff with an accommodation for her disability

or engage in a good faith interactive process.

29.     Over the following months, Plaintiff continued her efforts to regain employment with the VA.  She applied for open nurse educator positions in October of 2016.  She received an interview and was told that she would be contacted for follow-up.  The VA did not follow up.

30.     Through late 2016 and early 2017, Plaintiff continued to apply for open non-floor nursing positions at the VA through the USA Jobs website.  She applied for educator, community care, emergency department, and mental health nursing positions.  She was fully qualified to perform these jobs.  The VA rejected each application.

31.     Also in December of 2016, Plaintiff attempted to schedule a meeting with the VA Director for Iowa City, Judith Johnson-Mekota, to discuss her options for employment with the VA.  The Director cancelled the meeting on the day it was to take place.  When Plaintiff attempted to reschedule the meeting, she was told "the Director will not see you because it would be a waste of her time."

32.     Heaping further injury on Plaintiff, the VA informed her that it considered her to have breached the VANEEP agreement by failing to remain employed with the VA, even though that result was entirely due to the VA, not Plaintiff.  It demanded that she repay the scholarship.  When Plaintiff found other employment as a nurse, which she has continued to do successfully, the VA threatened to garnish her wages unless she began repaying the scholarship.

33.     Even though Defendant knew that Plaintiff was eminently qualified to work as a nurse, it subjected her to illegal discrimination and refused to engage in an interactive process or accommodate her disability.  Defendant's actions violated its own policies and the Rehabilitation Act, 29 U.S.C. § 791 et seq., and breached Defendant's VANEEP agreement with Plaintiff.  These illegal acts caused Plaintiff's damages, including lost wages and benefits and mental

anguish.

## COUNT I – The Rehabilitation Act

34.     Paragraphs 7-33 are incorporated as if fully set forth herein.

35.     The Plaintiff is a qualified individual with a disability.  The Plaintiff performed her job as a nurse with distinction, but was discriminated against because of a disability, rheumatoid arthritis, in violation of 29 U.S.C. § 791 et seq.  Plaintiff has an actual disability and a record of a disability.  Defendant failed to engage in the interactive accommodation process, failed to provide an accommodation even though an accommodation was possible, and then refused to hire Plaintiff for suitable open positions because of her disability and in retaliation for her previous requests for accommodation.  The VA's conduct violates the Rehabilitation Act of 1973, which prohibits discrimination in employment on the basis of disability.  The Plaintiff is a qualified individual with a disability and was discriminated against because of her disability, causing her damages.

## COUNT II – Breach of Contract

36.     Paragraphs 7-35 are incorporated as if fully set forth herein.

37.     The Plaintiff and the Defendant entered into a contract regarding the VANEEP scholarship.  Defendant agreed to pay for Plaintiff's education to complete her BSN degree as well as a small stipend.  Defendant further agreed that upon Plaintiff's graduation, it would offer her employment in a position she was qualified to perform.  In exchange, Plaintiff agreed to work for the VA for three years following her graduation.  Defendant breached its agreement by failing offer Plaintiff a job she was qualified to perform.  Instead, Defendant required Plaintiff to work as a floor nurse, a job she could not perform without accommodation.  Defendant refused to provide an accommodation and refused to employ her in one of the many other nursing

positions she was qualified to perform.  Defendant's actions constituted a prior material breach of the contract, causing Plaintiff's damages and making her further performance of the contract impossible.

## DAMAGES

38.    The damages suffered by the Plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the Defendant, including, but not limited to, mental anguish.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff asks this court to enter a judgment:

a.  Declaring that the acts and practices complained of in this Complaint are in violation of the Rehabilitation Act of 1973;

b.  Enjoining and permanently restraining these violations of law;

c.  Directing the Defendant to pay the Plaintiff actual and compensatory damages that she suffered, past and future;

d.  Directing the Defendant to award the Plaintiff front pay;

e.  Awarding the Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

f.  Awarding the Plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

g.  Awarding the Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

h.  Awarding the Plaintiff such other relief, legal or equitable, as may be warranted.

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee.

Dated this 31 day of July.

Respectfully submitted,

Thomas D. Wolle, AT0008564
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Telephone: 319-366-7641
Fax: 319-366-1917
twolle@simmonsperrine.com

ATTORNEY FOR PLAINTIFF